**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jesus Alberto Aviles Landaeta, Plaintiff -vs- Merrick Garland, et al., Defendants. | CV-26-1573-PHX-DWL (JFM) **Report & Recommendation on Petition for Writ of Habeas Corpus** |

## I.  MATTER UNDER CONSIDERATION

Petitioner has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 4).   The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND

**Entry and Parole** - The essential facts of this case are not in dispute.  Petitioner is a Venezuelan national and citizen of Ecuador and Venezuela.  Petitioner entered the United States on August 21, 2023 without inspection, was apprehended on the same date and detained at the Border Patrol Yuma Sector, and filed applications for asylum.  A "credible fear" determination was made on August 28, 2023.  On August 30, 2023 Petitioner was issued a Notice to Appear, charging him with being removable for entering without admission or at other than a designated entry point.  A hearing was set for March 17, 2027. Petitioner was paroled into the country, and on or about February 5, 2025

- 1 -

Petition was issued an authorization to work through February 11, 2030. Petitioner proceeded to report as required.

**Arrest** - On December 12, 2025 Petitioner, who has no other criminal history was arrested in Idaho and detained at the Canyon County Jail on suspicion of various felonies. An Immigration and Customs Enforcement (ICE) Detainer was submitted to state authorities. When Petitioner appeared before the state judge on December 15, 2025, he was advised that further investigation had revealed a mistake in identifying Petitioner as the suspect, and that all charges were dropped. Upon Petitioner's release by state officials, ICE detained Petitioner "due to the fact that S/He was arrested" on the already dismissed charges. Petitioner has remained detained since.

**Removal Proceedings** - On January 16, 2026 a Notice of In-Person Hearing was issued, setting Petitioner for removal hearing on February 9, 2026. On February 9, 2026, Petitioner's asylum claims were denied by the Immigration Judge (IJ) and he was ordered removed to Venezuela or Ecuador.

Petitioner filed an appeal with the Board of Immigration Appeals (BIA), asserting his due process rights were denied when his hearing was accelerated, denying adequate time to prepare and present evidence, the denial of a continuance was an abuse of discretion, the audio of the interpreter was so disrupted that he could not meaningfully participate, and the IJ failed to conduct a hearing on his asylum claims despite the credible fear finding. Petitioner also requested conditional release. The BIA initially rejected the appeal on March 3, 2026 citing failure to pay the filing fees. On March 19, 2026 a warrant of removal was issued based on the Immigration Judge's order of removal. However, the matter was resolved and the appeal was deemed timely filed by a BIA Order filed April 15, 2026, and remains pending.

**Habeas Proceedings** – Petitioner commenced this proceeding by filing on March 6, 2026 his **original Petition** (Doc. 1). That Petition was dismissed without prejudice for failure to adequately state a cognizable claim. Petitioner filed the instant **Amended Petition** (Doc. 4) on March 30, 2026. The Court ordered service and a response to address

Petitioner's claim "that his bond hearing violated his due process rights" because "audio equipment failures that occurred during the hearing prevented him from understanding the interpreter and "nullified his ability to participate in the proceeding'." (Order 4/9/26, Doc. 5 at 1-2.)   The Court found, however, that Petitioner's attacks on his asylum determination were outside the jurisdiction of this Court.  (*Id.* at 2.)

Respondents filed their **original Response** (Doc. 11) on May 4, 2026, providing only a single record (from December 2025) predating the removal hearing, and nothing to support the contention that no request for a bond hearing had been made by Petitioner. The Court ordered Respondents to supplement the record, and to file an Amended Answer addressing the relevant portions of the record supporting the factual allegations made in the answer.  (Order 5/6/26, Doc. 12.)  On May 13, 2026 Respondents filed their **Amended Answer** (Doc. 14) and lodged their Supplemental Exhibits (filed at Doc. 20), again asserting the case is not a live controversy because Petitioner never had or requested a bond hearing before the immigration judge.  Respondents supply a Declaration (Doc. 20 at 1, et seq.) of an agency employee that reflects a review of the agency records and the following determinations from that review:

> 9. Mr. Aviles Landaeta did not have or request a bond hearing before the immigration court or an immigration judge during his removal proceedings.
> 10. As of today, May 13, 2026, Mr. Aviles Landaeta has not had or requested a bond hearing.

(Doc. 20 at 2-3.)

Petitioner was given 10 days from service of the amended answer to reply in support of the Petition.  (Order 5/6/26, Doc. 12.) That deadline expired on Friday, May 29, 2026. Petitioner has not replied.

**Motion for Release** – On May 15, 2026 Petitioner filed a Motion for Release (Doc. 17) arguing that his due process rights have been denied by accelerated hearings without adequate time to prepare and the loss during custody of documentation showing the dismissal of the state charges.  No response to the motion has been filed.

/ /

### III.  MERITS OF PETITION

The only surviving claim raised by Petitioner in his habeas petition pertains to a denial of due process on a bond determination before the Immigration Judge.  Respondents present conclusive evidence, including Petitioner's entire immigration record and a Declaration under penalty of perjury, that no bond hearing before the Immigration Judge has been requested or held.  Petitioner has offered nothing to counter that assertion beyond the assertions in his Petition.

Respondents argue that the absence of the hearing prevents the existence of a case or controversy, because Petitioner's claim is moot.  However, mootness arises where "changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Meland v. Weber*, 2 F.4th 838, 849 (9th Cir. 2021) (quoting *Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007)). Respondents do not establish a change in circumstances.  Rather they simply challenge the factual allegations asserted in the Amended Petition.  Accordingly, the Petition presents a live case or controversy and must be addressed on the merits.

Unless the record conclusively shows that a petitioner is not entitled to habeas relief pursuant to § 2241, an evidentiary hearing is required. *Anderson v. United States*, 989 F.2d 751 (9th Cir.1990). If the record refutes the petitioner's factual allegations or otherwise precludes habeas relief, the district court is not required to conduct an evidentiary hearing. *Estrada v. Scribner*, 512 F.3d 1227, 1229 (9th Cir.2008).  Here, although Petitioner has (in the Petition) declared under penalty of perjury that there were audio difficulties at his hearing before the Immigration Judge, he makes no affirmative statement that the hearing pertained to a bond request.  The records of the administrative proceedings conclusively establish that Petitioner has never sought release on bond from the Immigration Judge.[1]

Petitioner having not had a bond hearing before the Immigration Judge, his claim that he was denied due process in such a proceeding is necessarily without merit.

---

[1] As noted hereinabove, Petitioner has requested release on bond from the BIA, but any audio difficulties before the IJ would not effect that proceeding.

Accordingly, the Petition must be denied.

## IV.  MOTION FOR RELEASE

To the extent Petitioner's Motion for Release seeks preliminary relief on the claim in the Petition, the motion should be denied as moot because the Petition must be denied as without merit.

To the extent that the Motion seeks release on the basis that Petitioner's detention has become prolonged and is unjustified, it does not have sufficient nexus to the Petition.

> We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines* [*v. United States*], 325 U.S. [212] at 220, 65 S.Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Petitioner's complaint in the Petition of insufficient ability to participate in a bond hearing because of deficient audio equipment has no relation to a claim of prolonged and unjustified detention. The appropriate relief for the claim in the Petition would be ordering a new hearing with adequate audio.  The relief sought in the Motion would be an order for release. Accordingly, the requisite nexus does not exist and relief cannot be granted.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED:**

(A)  Petitioner's Amended Petition for Writ of Habeas Corpus (Doc.  4) be **DENIED**.

(B)  Petitioner's Motion for Release (Doc. 17) be **DENIED**.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: June 18, 2026

26-1573r RR 26 06 09 on HC.docx

James F. Metcalf
United States Magistrate Judge