# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Alberto Aviles Landaeta,<br><br>Petitioner,<br><br>v.<br><br>Luis Rosa, Jr.,<br><br>Respondent. | No. CV-26-01573-PHX-DWL<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2241 challenging the legality of Petitioner's immigration detention.  In addition to filing an amended habeas petition (Doc. 4), *pro se* Petitioner filed a "motion for release" (Doc. 17).

On June 20, 2026, Magistrate Judge Metcalf issued a report and recommendation ("R&R") concluding that Petitioner's amended habeas petition and motion for release should be denied.  (Doc. 21.)  Afterward, Petitioner filed objections to the R&R.  (Doc. 22.)

Petitioner's objections implicate 28 U.S.C. § 636(b)(1), which provides that when, as here, a magistrate judge has issued an R&R regarding a dispositive matter and a party has thereafter filed timely written objections, "[a] judge of the court shall make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge

with instructions." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3). As the Ninth Circuit has explained, "[i]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (cleaned up). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection."). Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted).

The Court has performed a *de novo* review of the R&R and agrees with its conclusions. Although, under *Ramos*, this certification is alone sufficient to justify the denial of the amended habeas petition and the motion for release, the Court wishes to elaborate on its reasoning.

As the R&R explains, Petitioner is a Venezuelan national who was previously paroled into the United States and issued a work authorization document. (Doc. 21 at 1-2.) Petitioner has no criminal history in the United States and reported for all required ICE check-ins. (*Id.*) On December 12, 2025, Petitioner was arrested in Idaho on state criminal charges. (*Id.* at 2.) The charges were dropped three days later after state authorities

acknowledged that the arrest was the result of "a mistake in identifying Petitioner as the suspect." (*Id.*)  Nevertheless, due solely to the fact that Petitioner "was arrested" on since-dismissed state charges, Petitioner was then taken into immigration custody by ICE.  (*Id.*)  Petitioner has remained in immigration custody since December 15, 2025.  (*Id.*)  In February 2026, an immigration judge denied Petitioner's asylum claims and entered a removal order, and Petitioner has appealed those rulings to the BIA.  (*Id.*)

In the screening order, the Court construed the amended habeas petition as asserting (1) a challenge to the denial of Petitioner's asylum application; and (2) a challenge to the validity of Petitioner's bond hearing on the ground that "audio equipment failures that occurred during the hearing prevented him from understanding the interpreter and nullified his ability to participate in the proceeding." (Doc. 5 at 1, citation omitted.)  The Court concluded that it lacked jurisdiction over the former claim and referred the latter claim to Judge Metcalf for the preparation of an R&R.  (*Id.* at 1-3.)

The R&R concludes the latter claim must be denied because it is based on a false premise—Petitioner never requested a bond hearing and thus never had a bond hearing. (Doc. 21 at 4-5.)  As the R&R explains, "Petitioner having not had a bond hearing before the Immigration Judge, his claim that he was denied due process in such a proceeding is necessarily without merit." (*Id.* at 4.)  Meanwhile, as for the motion for release, the R&R explains that to the extent this motion "seeks preliminary relief on the claim in the Petition, the motion should be denied as moot because the Petition must be denied," and to the extent this motion "seeks release on the basis that Petitioner's detention has become prolonged and is unjustified, it does not have sufficient nexus to the Petition." (*Id.* at 5.)  The R&R elaborates: "Petitioner's complaint in the Petition of insufficient ability to participate in a bond hearing because of deficient audio equipment has no relation to a claim of prolonged and unjustified detention.  The appropriate relief for the claim in the Petition would be ordering a new hearing with adequate audio.  The relief sought in the Motion would be an order for release.  Accordingly, the requisite nexus [under *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631 (9th Cir. 2015)] does not exist and relief cannot be

granted." (*Id.*)

In his objections, Petitioner concedes that he never requested (or had) a bond hearing, albeit while offering various explanations for his failure to request one. (Doc. 22 at 2 ["Under these circumstances, pursuing a bond hearing did not constitute a realistic, effective, or meaningful remedy."]; *id.* at 4 ["[E]ven if a bond hearing had theoretically been available, it did not represent a realistic or meaningful avenue through which I could obtain my release. My failure to request such a hearing should therefore not be interpreted as a voluntary waiver of my constitutional rights . . . ."].) Although the Court is sympathetic to some of Plaintiff's explanations for his failure to request a bond hearing, the bottom line is that he has not established an entitlement to relief based on any claim for habeas relief premised on the failure of the audio equipment during his purported bond hearing. And to the extent Petitioner intended to indicate in his amended habeas petition that the audio equipment failure occurred during his asylum hearing, the Court would lack jurisdiction over any such claim for the reasons discussed in the screening order.

In his objections, Petitioner also advances additional arguments as to why he views his "continued prolonged detention" as raising "serious constitutional concerns." (*Id.* at 5.) On the one hand, the Court has re-reviewed the amended habeas petition, and on reflection it is possible to liberally construe this pleading as containing a prolonged detention claim. (Doc. 4 at 4 ["2. The petitioner also declares that he has been detained since December 2025 – A prolonged detention and that three months and ten days have elapsed."].) On the other hand, even assuming this liberal construction means that Petitioner's arguments on this issue are not impermissible under *Pacific Radiation Oncology* (as the R&R found), any prolonged detention claim fails on the merits— Petitioner has now been in immigration detention for about seven months; the duration of that detention is largely due to Petitioner's choice to pursue a BIA appeal of the immigration judge's February 2026 denial of asylum and entry of a removal order; there is no evidence that removal will be unforeseeable if the immigration judge's rulings are affirmed; and Petitioner has chosen not to request a bond hearing. *Cf. Rodriguez Diaz v.*

*Garland*, 53 F.4th 1189, 1207-08 (9th Cir. 2022) ("Because, by the time of the district court decision, Rodriguez Diaz was detained for fourteen months following his first bond hearing, we will assume that his detention qualifies as 'prolonged' in a general sense. . . . But it is important not to overstate the strength of Rodriguez Diaz's showing . . . . Rodriguez Diaz received a bond hearing approximately two months after he was detained under § 1226(a). . . . We also cannot overlook that most of the period of Rodriguez Diaz's detention arose from the fact that he chose to challenge before the BIA and later this Court the IJ's denial of immigration relief. Rodriguez Diaz's private interests are further diminished by the fact that he is subject to an order of removal from the United States.") (cleaned up); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("[W]e reject Prieto-Romero's *Zadvydas* challenge to his three-year detention under § 1226(a). His detention remains statutorily authorized, because he has not established that there is no significant likelihood of his removal in the reasonably foreseeable future. The government will be able to remove him to Mexico in the event that his petition for review of his administratively final order of removal is denied."); *Mamedova v. Noem*, 2026 WL 1162282, *3 (D. Ariz. 2026) ("First, this is not a situation involving 'indefinite' detention because the duration of Petitioner's detention has a known endpoint that is subject to external constraints—namely, the conclusion of her pending Ninth Circuit case. Second, Petitioner has not established that her removal has ceased being 'reasonably foreseeable.' That exception is sometimes invoked when an alien has been granted withholding of removal from her home country and the government has not established a reasonable likelihood of removal to a third country. But here, Petitioner has not been granted withholding of removal to her home country or otherwise attempted to show why such removal is unforeseeable.") (citations omitted).

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1. The R&R (Doc. 21) is **adopted**.

2. Petitioner's objections (Doc. 22) are **overruled**.

3. The amended petition (Doc. 4) is **denied**.

4. The motion for release (Doc. 17) is **denied**.

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 10th day of July, 2026.

Dominic W. Lanza
United States District Judge